# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| **IN RE TANGOE, INC., SECURITIES LITIGATION** | ) ) ) ) **Civil Action No. 3:17-cv-00146-VLB** ) ) ) ) ) ) ) ) ) |

## ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, Lead Plaintiff James Alpha Multi Strategy Alternative Income Portfolio ("Lead Plaintiff"), on behalf of itself and the Settlement Class, and Tangoe, Inc. ("Tangoe" or "Company") and Albert R. Subbloie, Jr. and Gary R. Martino, (collectively, the "Defendants"), have entered into the Stipulation and Agreement of Settlement, dated October 2, 2017 (the "Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court entitled *In re Tangoe, Inc. Securities Litigation*, Case No. 3:17-cv-00146-VLB, (D. Conn.) (the "Action"); and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 13th day of November, 2017, that:

1. Capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons (including, without limitation, their beneficiaries) who purchased Tangoe, Inc. securities during the period from May 10, 2013 through June 17, 2017, inclusive, and excluded from the Settlement Class are all (i) Defendants Tangoe, Albert R. Subbloie, Jr. and Gary R. Martino, and all current and former officers and directors of Tangoe and its subsidiaries; (ii) blood relatives and household members of any such person excluded under (i); (iii) any entities affiliated with, controlled by, or more than 5% owned by, any person excluded under (i) and (ii); (iv) the

1

legal representatives, heirs, successors or assigns of any person excluded under (i) through (iii), in their capacity as such; and (v) Opt-Outs (*i.e.*, Persons who file valid and timely requests for exclusion from the Settlement Class in accordance with this Order).

3. This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiff fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Settlement Class ("Class Representative") and Lead Counsel, previously selected by Lead Plaintiff and appointed by the United States District Court for the District of New Jersey, prior to transfer, are hereby appointed as Lead Counsel for the Settlement Class ("Lead Counsel").

5. The Court finds that (a) the Settlement Stipulation resulted from good faith, arm's length negotiations, and (b) the Settlement Stipulation is sufficiently fair, reasonable, and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6. The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on March 8, 2018 at 9:30 A.M. for the following purposes:

(a) to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine finally whether the Order and Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Settlement Stipulation;

(d) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to consider the application of Lead Counsel for an award of attorneys' fees and expenses and an award to the Class Representatives;

(f) to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and

3

    (g) to rule upon such other matters as the Court may deem appropriate.

  7. The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

  8. The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 or due process of law.

  9. The Court approves the form, substance and requirements of (a) the Postcard Notice, (b) the Notice, (c) the Proof of Claim and Release Form, and (d) the Summary Notice, all of which are exhibits to the Settlement Stipulation.

  10. Lead Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

  11. Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

  12. Escrow Co-Agents may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $150,000.00 (One Hundred Fifty Thousand U.S. Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs. After the Effective Date, additional amounts, up to a

total of $300,000.00 (Three Hundred Thousand U.S. Dollars), may be transferred from the Gross Settlement Fund to pay for any necessary additional Administrative Costs without further order of the Court.

13.     No later November 27, 2018, Defendants shall provide and/or cause its transfer agent to provide to Lead Counsel a list of the record owners of Tangoe securities during the Settlement Class Period in a usable electronic format, such as an Excel spreadsheet. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

14.     No later November 27, 2018, Lead Counsel, through the Claims Administrator, shall, (a) post the Settlement Stipulation and its exhibits, this Order, and a copy of the Notice on the Claims Administrator's website; (b) mail requests to nominees or custodians who held Tangoe securities during the Settlement Class Period as record owners but not as beneficial owners, requesting the names of all beneficial owners of Tangoe stock; (c) post the Notice and Proof of Claim Form on the Claims Administrator's website; and (d) publish the Summary Notice on *GlobalNewswire*.

15.     No later than seven (7) days after receiving the list of the record owners of Tangoe securities during the Settlement Class Period, Lead Counsel, through the Claims Administrator, shall mail, by first class mail, postage prepaid, the Notice and Proof of Claim to the list of record holders of Tangoe common stock.

16.     Nominees or custodians shall, within ten (10) calendar days of receipt of the Notice and Proof of Claim and Release Form, either (i) request additional copies of the Notice and Proof of Claim and Release Form sufficient to send the Notice and Proof of Claim and Release Form to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days

after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners. Nominees or custodians who elect to send the Notice and Proof of Claim and Release Form to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice and Proof of Claim shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, up to $0.75 per unit, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

17. As soon as practical after receiving lists of beneficial owners from nominees and custodians, the Claims Administrator shall mail the Postcard Notice to all Settlement Class Members whom the Claims Administrator identifies by reasonable efforts. The Postcard Notice shall contain instructions on how Settlement Class Members can obtain copies of the Notice and the Proof of Claim, substantially in the forms annexed to the Settlement Stipulation, either electronically or in hard copy by contacting the Claims Administrator.

18. Promptly upon receiving requests from Settlement Class Members, the Claims Administrator shall mail, by first class mail, postage pre-paid, the Notice and Proof of Claim to such beneficial owners who request it, or otherwise instruct Settlement Class Members how to receive the Notice electronically and how to submit Proof of Claim and Release Forms.

19. No later than fourteen (14) calendar days before the Settlement Hearing, Lead Counsel shall serve upon counsel for Defendants and file with the Court (a) proof of the mailing

of the Postcard Notice and details of how many persons received the Notice and Proof of Claim and Release Form by mail and how many accessed it electronically as required by this Order, and (b) proof of publication of the Summary Notice.

20. The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto.  No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

21. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim and Release Form must be submitted to the Claims Administrator electronically or at the Post Office Box indicated in the Postcard Notice and the Notice, postmarked no later than February 22 , 2018 (no later than fourteen (14) days prior to the Settlement Hearing).  Such deadline may be further extended by Order of the Court.  Each Proof of Claim and Release Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim and Release Form

7

submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Proof of Claim and Release Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim and Release Form; and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim and Release Form, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least fifteen (15) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within fifteen (15) calendar days after the date of mailing of the notice of rejection, serve upon the Claims

Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

(d) As part of the Proof of Claim and Release Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim and Release Forms, nor shall any discovery from or of Defendants be allowed on any topic.

22. All Settlement Class Members who do not submit valid and timely Proof of Claim and Release Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and the Order and Final Judgment, if entered.

23. Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to request exclusion from the Settlement Class shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than February 8, 2018    (twenty-eight (28) calendar days prior to the Settlement Hearing) (the "Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, unless otherwise ordered by the Court, such request for exclusion must (a) clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and

state that the sender specifically "requests to be excluded from the Settlement Class in *In re Tangoe Inc. Securities Litigation*, Case No. 3:17-cv-00146 (D. Conn.)", and (b) (i) state the date, number of shares and dollar amount of each Tangoe securities purchase or acquisition during the Settlement Class Period, and any sale transactions, and (ii) the number of shares of Tangoe securities held by the Person as of June 16, 2017.

24. To be valid, such request for exclusion must be submitted with documentary proof (a) of each purchase or acquisition and, if applicable, sale transaction of Tangoe securities during the Settlement Class Period and (b) demonstrating the Person's status as a beneficial owner of the Tangoe securities. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

25. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests) to counsel for the Settling Parties as soon as possible and no later than three (3) days after the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class excludes any Person who delivers a valid and timely request for exclusion.

26. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than seven (7) Business Days before the Settlement Hearing or is accepted by the Court at the Settlement Hearing, in which event that Person will be included in the Settlement Class.

27.     All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

28.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, <u>provided</u>, <u>however</u>, <u>absent good cause shown for failure to meet the deadline</u>, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other order relating thereto, unless, at least twenty one (21) days prior to the Settlement Hearing, that Person has (a) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Hartford, CT 06103 and (b) served copies of any objections, papers and briefs to each of the following counsel:

<u>LEAD COUNSEL</u>:

Jacob A. Goldberg, Esq.
THE ROSEN LAW FIRM, P.A.
101 Greenwood Avenue, Suite 440
Jenkintown, PA  19046

Jeffry Krinsk, Esq. David J.
Harris, Jr., Esq. FINKELSTEIN
& KRINSK LLP
550 West C Street, Suite 1760
San Diego, CA 92101

<u>COUNSEL FOR DEFENDANTS</u>:

William H. Paine, Esq.
Dan Willey, Esq.
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109

29.     To be valid, any such objection must contain the Settlement Class Member's (a) name, address, and telephone number, (b) a list of all purchases and sales of Tangoe securities

11

during the Settlement Class Period in order to show membership in the Settlement Class, (c) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel, (d) the name, address, and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection, and (e) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

30.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the

Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

31. The Court reserves the right to adjourn the Settlement Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

32. All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than thirty five (35) calendar days before the Settlement Hearing.

33. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

34. Defendants, their counsel, their insurers and other Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses or payments to the Class Representatives submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

35. Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

36. All funds held by the Escrow Co-Agents shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

37. Neither the Settlement Stipulation, nor any of its terms or provision, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, their counsel, their insurers or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

38. In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to July 27, 2017, pursuant to the terms of the Settlement Stipulation.

39. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim and Release Form submitted and any future requests by one or more of the Parties that the Order and Final Judgment, the releases and/or the permanent injunction set forth in the Settlement Stipulation be enforced.

It is so ordered.

_____/s/_____
Hon. Vanessa L. Bryant

Dated: November 13, 2017